UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

JUN 0 2 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-106-JMH

NORBERT STEVEN WILCOX                                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

DAVID MUDD, ET AL.                                                         DEFENDANTS

Norbert Steven Wilcox, an individual presently confined in the Northpoint Training Center, a state prison in Burgin, Kentucky, filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*, in the United States District Court for the Western District of Kentucky. It was transferred to this Court because the Burgin facility and named defendants are located in the Eastern District of Kentucky. The plaintiff's motion to proceed *in forma pauperis* will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

## DEFENDANTS

As defendants, the plaintiff has named the following corrections officers at the Northpoint facility: (1) Stephen Carr; (2) David Mudd; (3) Jackie McCullough; (4) Scott Vaught; and (5) John Phillips. The plaintiff specifies that the officers are sued in their official capacities.

## CLAIMS

The plaintiff alleges that the defendant officers' conduct in an incident occurring on November 20, 2004, violated his rights under the U.S. Constitution's Fourth, Fifth, Eighth, Ninth, Eleventh, and Fourteenth Amendments.

## RELIEF REQUESTED

The plaintiff seeks a jury trial, expungement of the incident from his records, and damages.

## FACTUAL ALLEGATIONS

The following is a summary of the plaintiff's allegations, as made in a completed complaint form, additional handwritten pages attached thereto, and exhibits. Record No. 1.

The plaintiff alleges that on November 20, 2004, the inmates were called to get in line for a count, but he was "already on the toilet handling my business before the count started and could not get up if I wanted to. No one can control their bowels and I'm no different." Exhibit [hereinafter "Ex."] 6A. Defendant Carr came to get him and later wrote a disciplinary report, stating that he ordered the plaintiff "to go to the front of the line so he could count and he stated he wasn't going anywhere." Ex. 6B. Therefore, Carr charged the plaintiff with refusing to obey an order.

According to the plaintiff, the incident continued as follows:

> ... [A]n officer approached me and told me to get up off the toilet and put my hands behind my back, all I did was ask what I had done wrong. The next thing I know several unprovoked officers started attacking me, I was thrown to the floor and had

2

> my arms twisted up behind my back in a very painful manner. In their enthusiasm to hurt me they ended up hurting one another. . . .

Ex. 6C. Defendant Mudd wrote a disciplinary report about this portion of the incident, charging the plaintiff with a more severe offense, physical action against an employee, which is evidently the equivalent to an assault on the officers. In addition to Officers Carr and Mudd, there were three additional officers involved in this part of the incident. Defendants McCullough, Vaught, and Phillips each wrote a report, and they are named as the remaining defendants herein.

After separate hearings, a prison disciplinary body, known as the institution's adjustment committee, found the plaintiff guilty of both infractions. For his failure to obey an order based on Officer Carr's report, the plaintiff was sanctioned with 15 days in the disciplinary segregation unit (DSU). On the physical action against an officer charge, the plaintiff was penalized with 180 days in the DSU and the loss one year of non-restorable good conduct time. The committee's representative wrote that the plaintiff's guilt on this charge was based on the following:

> Wilcox found guilty based on reports from Sgt. Mudd, Officer McCullough, Off. Vaught, Off. Phillips/ Off. Carr, Nurse Brockman and Nurse Chapman that he failed to comply with orders and had to be restrained. During this incident 3 Officers were injured.

Ex. 6D. Upon the plaintiff's appeals of these convictions, he asked that the entire matter be expunged from his records. Both verdicts, however, were upheld by the warden on December 17, 2004. Ex. 6B and 6D.

The plaintiff filed the instant cause, claiming violations of his federal rights, as listed *supra,* and demanding both expungement of the convictions and damages.

## DISCUSSION

The plaintiff appears to misunderstand the federal court's role in the face of the allegations

3

which he makes herein. First, the Supreme Court has held that the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment precludes actions in which the state is directly named as a party (*Edelman v. Jordan*, 415 U.S. 651 (1974)), and it also "bars suits for monetary relief against state officials sued in their official capacity" (*Thiokol Corp. v. Dept. of Treas., State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). Because the instant plaintiff has sued the named defendants in their official capacities, the claims for damages must be dismissed, as barred by the Eleventh Amendment.

"However, the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Id.* Nor does the Eleventh Amendment bar prospective relief compelling a state officer's compliance with federal law. *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995); *Futernick v. Sumter Township*, 78 F.3d 1051, 1055 (6th Cir. 1996), *cert. denied*, 117 S. Ct. 296 (1996). In *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), the Supreme Court reaffirmed that state officers who are violating federal law may always be sued for injunctive relief. *Id.* at p. 71, n.10.

Therefore, the Court does have subject matter jurisdiction over the plaintiff's request for injunctive relief, *i.e.*, the expungement of the incident reports. He is advised, however, that this Court has a limited role to play in examining prison disciplinary proceedings. The Court has no authority, even under the guise of due process, to review a disciplinary committee's resolution of

4

factual disputes. In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A federal court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support, so as to ensure fairness and justify its findings. *See Superintendent v. Hill*, 472 U.S. at 455-57.

In this case there is clearly "some evidence" of the plaintiff's guilt, in that there are multiple witnesses and written incident reports from the officers involved--and from neutral nurses. To the extent the plaintiff is asserting that the evidence supplied by those people lacks credibility, independent assessment of witnesses' credibility is not required. *Hill*, 472 U.S. at 455. Moreover, the credibility determinations of the hearing officers cannot be disturbed on appeal. *See Wagner v. Seely, et al.*, 915 F.2d 1575, 1576 (7th Cir. 1990) (unpublished), *cert. denied*, 501 U.S. 1219 (1991).

Even while denying that he refused to move, as ordered, or that he physically acted against a corrections officer, the plaintiff admits that he would not move from the toilet as directed. He states that he would not move because other inmates have been permitted to finish on the toilet while not disrupting a count. At the disciplinary hearings and herein, despite his plea of not guilty to the offenses charged, the plaintiff's defense actually was/is that the entire incident happened but was not his fault.

To the extent the plaintiff's Fourteenth Amendment allegations also encompass an equal protection claim, he fails to state a claim upon which the Court may grant relief. His claims that others were treated differently while he was treated harshly, because he is from New Orleans and used to work with a relative of one of the defendants, does not meet the requisites for a constitutional claim. A "plaintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993). The plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)). As the plaintiff has not made such a showing, no cognizable equal protection claim has been stated. *Id.*

As to the forcible restraining of the plaintiff, who admits that he refused to get off of the toilet as ordered, he is advised that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 112 S. Ct. 995, 1000 (1992). Addressing the issue of whether the deliberate use of force or threat of force constituted a violation of the Fourteenth Amendment protection against deprivation of liberty or the Eighth Amendment protection against cruel and unusual punishment, the United States Court of Appeals for the Sixth Circuit decided that after conviction the Eighth Amendment affords the same protection that the substantive due process clauses afforded prior to conviction. *Pelfrey v. Chambers*, 43 F.3d 1034 (6th Cir.), *cert. denied*, 115 S. Ct. 2269 (1995).

In *Pelfrey*, the Sixth Circuit held that the appropriate standard is an officer's action which is designed to frighten and degrade a prisoner and which "constitutes a totally unwarranted, malicious and sadistic use of force to cause harm." *Id.* at 1037 (citing *Parrish v. Johnson*, 800 F.2d

6

600, 605 (6th Cir. 1986) (waving of a knife in petitioner's face, knife-point extortion, incessant taunting, and failure to relay petitioner's requests for medical care "are all unnecessary acts which result in pain being inflicted")). In the case *sub judice*, the alleged actions of the defendant officers, when the prisoner would not comply with the order to fall out for a count, fail to meet the *Pelfrey* and *Parrish* standards for stating a cognizable constitutional claim.

The plaintiff's list of rights violations also includes the Ninth and Eleventh Amendments of the Constitution. However, these references are totally unsupported, even unexplained. When a plaintiff or petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the litigant nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

The Court concludes that the plaintiff has failed to present any basis for the Court to interfere in prison management in order to provide the injunctive relief requested, *i.e.*, to order the two disciplinary actions and resulting penalties against Wilcox to be set aside and expunged.

## MOTION

While the instant matter was being screened by the Court, the plaintiff wrote a letter to the judge presiding over his case while it was in the Western District of Kentucky. He complained therein that his copy of a court order had been opened outside of his presence and the envelope sealed back with tape. The plaintiff appears to ask that the Court take some sort of action against whomever at Northpoint is responsible.

The Clerk of the Court has docketed this letter as a motion [Record No. 2], and it will be liberally construed as such. However, the motion will not be granted. There is no allegation, much less demonstration that the plaintiff pursued a complaint about his mail administratively prior to bringing this problem to federal court. Exhaustion of prison administrative remedies is required by 48 U.S.C. §1997e. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Therefore, the mail issue is not yet properly before this Court.

Also, the plaintiff is advised that it is improper for a litigant to communicate directly with judges and magistrates about cases pending before them. When a party files or tenders to the court documents in improper correspondence form, without the requisite certificate of service, the court is often challenged to construe what, if anything, is intended by the improper pleading. Although *pro se* pleadings are entitled to be construed liberally, it is improper for a court or the clerk of the court to engage in so much speculation and guessing as to what is intended by the *pro se* litigant. It is the litigant's obligation to follow the proper form as set out in the Federal Rules of Civil Procedure. *See e.g.*, Fed.R.Civ.P. 7(b)(2); Fed.R.Civ.P. 10.

The instant plaintiff is hereafter on notice that any paper mailed to the Clerk of this Court which he wishes to have considered in the record of his case should also include the number of the case and a certificate of service pursuant to Federal Rule of Civil Procedure 5.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The plaintiff's construed motion to take action on a mail claim [Record No. 2] is **DENIED**;

8

(2) Norbert Steven Wilcox's complaint is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith in favor of the defendants.

This the 2d day of June, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

9